UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CAROLINE GAINES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. |
| | ) |
| BOB EVANS RESTAURANTS, LLC | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Caroline Gaines ("Gaines" or "Plaintiff"), by counsel, brings this action against Defendant, Bob Evans Restaurants, LLC, ("Defendant"), for violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

**II. PARTIES**

2. Gaines is a resident of Vigo County, Indiana who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. §2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b).

6. Gaines was an "employee" as that term is defined by 42 U.S.C §2000e(f).

7. Gaines satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging sexual harassment and a hostile work environment based on her sex. Gaines received the required Notice of her Right to Sue and timely files this action.

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

9. Gaines is a woman who was hired in or around August 2022 as a server with the Defendant under the direction of Supervising Night Manager, Jamie Reading ("Reading"). Gaines' daughter, Leira Buza ("Buza"), who was seventeen (17) years old at the time, also works for the Defendant as a hostess.

10. At all relevant times, Gaines met or exceeded Defendant's legitimate performance expectations.

11. Shortly after Gaines was hired, in or around November 2022, Gaines frequently observed Reading physically touching young, female, subordinate employees and commenting on how certain subordinate employees were "hot". Gaines was made uncomfortable by Reading's comments and advances towards other employees.

12. On or about December 18, 2022, Gaines attended a Christmas Party at Bob Evans that was hosted by management. Alcohol was served at the store, and underage staff were in attendance drinking at the party. Management also hosted a "dirty Santa" gift exchange with some of the gifts being dildos and other inappropriate items.

13. At the end of the evening, Reading was extremely intoxicated. Gaines witnessed Reading take the underage Buza home with her to spend the night. Reading subsequently had sexual contact with Buza while providing her with alcohol and drugs. Buza was shaken by the incident, and she reported Reading's conduct to Gaines.

14. On or about December 23, 2022, Gaines called and filed a police report about Reading's inappropriate conduct. The same day, Gaines reported the conduct to General Manager Kellie Miller ("Miller"). After reporting Reading, Gaines was immediately sent home by management, and Reading was not subject to disciplinary action. The next day, Gaines had to work with Reading, and they were simply told to "stay away from each other". Miller pleaded that Gaines does not go to corporate about the alcohol use at the Christmas Party.

15. After Gaines' complaint to corporate, Reading was suspended pending an investigation. Other restaurant staff were alerted that Gaines had made a complaint against Reading, and staff ostracized Gaines. In the following days, Gaines was harassed by management, and management began repeating rumors that Gaines was abusing her child.

16. Due to the lack of action from management and the continued harassment, Gaines was fearful to return to work. Due to the severity and pervasiveness of the hostile work environment, Gaines felt she had no other option but to resign on or about December 30, 2022.

## V. CAUSES OF ACTION
## COUNT I: TITLE VII - SEXUAL HARASSMENT

17. Gaines hereby incorporates paragraphs one (1) through sixteen (16) of her Complaint as if the same were set forth at length herein.

18. Gaines was subjected to a hostile work environment due to the sexual harassment of Reading.

19. Defendant's actions were intentional, willful, and in reckless disregard of Gaines' rights as protected by Title VII of the Civil Rights Act of 1964.

20. Gaines has suffered damages as a result of the Defendant's unlawful actions.

## COUNT II: RETALIATION

21. Gaines hereby incorporates paragraphs one (1) through twenty (20) of her Complaint as if the same were set forth at length herein.

22. Gaines engaged in protected activity when she opposed sexual harassment by making a complaint to management and filing a police report.

23. Defendant retaliated against Gaines by subjecting her to a hostile work environment.

24. Defendant's actions were intentional, willful, and in reckless disregard of Gaines' rights as protected by Title VII of the Civil Rights Act of 1964.

25. Gaines has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Caroline Gaines, respectfully requests that this court enter judgment in her favor and award her the following relief:

1. Reinstate Gaines' employment to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Gaines of front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages;

5. Punitive damages for Defendant's violations of Title VII;

6. All costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgement interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By:  */s/ Sarah Guffey*
Sarah Guffey
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991-4765
Email: sguffey@bdlegal.com
*Counsel for Plaintiff, Caroline Gaines*

## DEMAND FOR JURY TRIAL

Plaintiff, Caroline Gaines, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: */s/ Sarah Guffey*
Sarah Guffey
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991-4765
Email: sguffey@bdlegal.com
*Counsel for Plaintiff, Caroline Gaines*